Opinion issued April 23, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00054-CR

_____

**ALPHONSON DAMON MALONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1899612**

---

## MEMORANDUM OPINION ON REHEARING

Alphonson Damon Malone pled guilty of the offense of possession of marijuana of a quantity between zero and two ounces, and the trial court sentenced him to two days' confinement. Malone moved to suppress both his inculpatory

statement to an officer and the marijuana found on his person. After a hearing, the trial court denied the motion to suppress. On appeal, Malone contends that he made his statement in response to a custodial interrogation that occurred before he received *Miranda* warnings. He further contends that no probable cause existed for his arrest, which occurred before he confessed to possessing marijuana. After a panel of our court issued its opinion in this case, Malone moved for rehearing. The panel denies the motion for rehearing, withdraws its opinion and judgment, and issues this opinion and judgment in its stead. We conclude that the evidence adduced at the motion to suppress hearing supports the trial court's ruling; we therefore affirm.

## Background

In June 2013, Officer T. Sutton of the Humble Police Department received a phone call from Officer N. Ball, who reported that he had observed two customers who smelled like marijuana while he was working an extra job at a Red Lobster Restaurant. As the customers were leaving the restaurant, Ball notified Sutton of his suspicion, and he provided the customers' description and a license plate number. En route, Officer Sutton passed the car matching Officer Ball's description. The driver did not lower his high beam lights as he passed in front of Officer Sutton's car, which is a violation of the Texas Transportation Code Section

2

547.305.  *See* TEX. TRANSP. CODE ANN. § 547.305 (West 2014).  Officer Sutton stopped the car to investigate.

As Officer Sutton approached the vehicle, he noticed "marijuana shake," or residue, on the driver's left shoulder.  He also smelled cologne.  He asked the driver to exit and then detained the driver with handcuffs.  Sutton also asked the passenger, Malone, to exit the vehicle and handcuffed him.

After about one minute, another officer arrived.  Officer Sutton directed him to detain the driver in the back of his police car.  Sutton asked the driver whether he had marijuana on his person or in his car; the driver responded that he did not.  After about 10 minutes Sutton approached Malone, stating: "You're not going to BS me like your buddy . . . You're going to be honest with me about what's going on here."  Malone responded: "I'm going to be honest with you.  I have a sweet in my pocket."  Officer Sutton knew through his training and experience that Malone was describing a sweet containing marijuana.  Sutton reached into Malone's pocket and retrieved a sweet containing over one gram of marijuana.  Both Malone and the driver were compliant with Sutton's requests, both at the time of the traffic stop and during the detention.

*Course of Proceedings*

Malone moved to suppress the marijuana found in his pocket and the statement he made after being apprehended.  After a hearing, the trial court denied

3

Malone's motion to suppress. In its findings, the trial court determined that Officer Sutton was a credible witness. In its conclusions of law, the trial court ruled that Malone was under arrest when Officer approached him, but that Malone's response was not the product of a custodial interrogation.

## Discussion

**Statement Made in the Absence of *Miranda* Warnings**

*Standard of Review*

An appellate court conducts a bifurcated review to a trial court's findings regarding a motion to suppress, deferring to the trial judge's rulings on questions of historical fact. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). We similarly defer to the trial court's determinations of mixed questions of law and fact that turn on demeanor and credibility. *State v. Saenz*, 411 S.W.3d 488, 494 (Tex. Crim. App. 2013) (citing *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012)). In contrast, we review *de novo* mixed questions of law and fact that do not turn on demeanor and credibility. *Id.* Particular to the facts presented here, "[t]he decision as to whether custodial questioning constitutes 'interrogation' under *Miranda* is a mixed question of law and fact, and we defer to the trial court's fact findings that turn on an evaluation of credibility and demeanor." *Alford*, 358 S.W.3d at 653 (citing *Ripkowski v. State*, 61 S.W.3d 378, 381–82 (Tex. Crim. App. 2001)).

*Analysis*

Malone first contends that the trial court abused its discretion when it denied the motion to suppress his statement because Officer Sutton had not warned Malone of his *Miranda* rights. Both *Miranda v. Arizona* and state law prohibit the State from introducing a defendant's statements made during a custodial interrogation, unless the State demonstrates that, before making the statement, the police had informed the defendant of certain constitutional rights. 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2, 3 (West 2014). The Supreme Court has defined a "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S. Ct. at 1612.

But if a defendant volunteers a statement, then it is not subject to suppression for lack of *Miranda* warnings. *Warren v. State*, 377 S.W.3d 9, 17 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The Fifth Amendment does not bar "[v]olunteered statements of any kind." *Miranda,* 384 U.S. at 478, 86 S. Ct. at 1630. Article 38.22 similarly does not preclude the admission of statements made by the defendant that do not stem from an interrogation. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5 (West 2014) ("Nothing in this article precludes the admission

of . . . a voluntary statement . . . whether or not the result of custodial interrogation . . . .").

Because Malone was detained and handcuffed during the investigation without any other circumstances warranting a restriction on Malone's movement, the record supports the trial court's determination that Malone was in custody. Thus, this case turns on whether Officer Sutton's statement to Malone rose to the level of an interrogation, or whether Malone's statement was made voluntarily.

To be an interrogation, a statement or question must demonstrate "a measure of compulsion above and beyond that inherent in custody itself." *Rhode Island v. Innis*, 446 U.S. 291, 300, 100 S. Ct. 1682, 1689 (1980). An interrogation includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301.

In *Innis*, the Supreme Court held that police officers had not interrogated a suspect when officers had a conversation in the range of the suspect's hearing but did not ask the suspect a question. *Id.* at 294–95, 302. In that case, officers discussed a missing shotgun while transporting the defendant, noting a concern that children were present in the area and could discover the weapon. *Id.* at 294–95. The suspect interrupted the officers' conversation with a statement. *Id.* at 295. After receiving *Miranda* warnings, he led them to the hidden weapon. *Id.* The

Supreme Court found that the officers' conversation was not an interrogation. *Id.* at 302.

In contrast, the Texas Court of Criminal Appeals in *Janecka* found that a police detective's response to a suspect's question constituted interrogation or its equivalent. *Janecka v. State*, 739 S.W.2d 813, 829 (Tex. Crim. App. 1987) (per curiam). There, the detective informed the suspect of the damaging evidence against him, and then told the suspect that he should "tell the truth." *Id.* at 826, 829. Similarly, in *Ramirez*, the Austin Court of Appeals found that an officer's statements to a suspect were the functional equivalent of interrogation, where the officer informed the suspect that marijuana paraphernalia and residue were present in the suspect's garage, and then asked whether more could be found. *Ramirez v. State*, 105 S.W.3d 730, 740–41 (Tex. App.—Austin 2003, no pet). The court of appeals held that the officer should have known that his questioning would encourage an incriminating response. *Id.* at 741 (citing *Innis*, 446 U.S. at 301, 100 S. Ct. 1682). Malone relies on the latter cases to contend that Sutton should have known that his words or actions were reasonably likely to elicit an incriminating response.

We hold that the record supports the trial court's finding that the statement was not reasonably likely to move Malone to make a self-incriminating statement. Officer Sutton's statement was not a "lengthy harangue," and the record does not

suggest that Sutton was aware of any particular susceptibility that Malone had to the officer's appeal to his conscience. *See Innis*, 446 U.S. at 302–03, 100 S. Ct. at 1690–91. In its findings of fact, the trial court described Malone's statement as "spontaneously" made. Officer Sutton had not informed Malone of any damaging evidence against him, nor had he asked Malone any questions. *See Janecka*, 739 S.W.2d at 826; *Ramirez*, 105 S.W.3d at 741.

Officer Sutton testified that his statement to Malone was not threatening. The trial judge found that Officer Sutton was a credible witness, and we defer to the trial court's findings that turn on credibility. *Alford*, 358 S.W.3d at 652–53. We hold that the record supports a determination that Malone's statement was voluntarily made and not the result of a police interrogation. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5; *Innis*, 446 U.S. at 300, 100 S. Ct. at 1689 ("[T]he special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation.").

**Probable Cause**

Next, Malone argues that there was no probable cause to arrest him. The Fourth Amendment prohibits unreasonable searches and seizures by government officials. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). An officer may arrest a suspect without a warrant if he has a reasonable belief that the

8

individual has committed an offense. TEX. CODE CRIM. PROC. ANN. art. 14.01 (West 2013); *Torres v. State*, 182 S.W.3d 899, 901–02 (Tex. Crim. App. 2005). The test for probable cause is whether "at that moment [of the arrest] the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006) (quoting *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)). We consider the totality of the circumstances in determining whether probable cause existed for a warrantless arrest. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "It is well established that an officer who does not himself possess probable cause for making a warrantless arrest may act upon the basis of information relayed to him by another officer requesting that an arrest be made." *Pyles v. State*, 755 S.W.2d 98, 109 (Tex. Crim. App. 1988) (quoting *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim. App. [Panel Op.] 1978)). When members of the same law enforcement agency have cooperated, the sum of information known to cooperating officers at the time of an arrest should be considered in determining whether there was probable cause. *Id.* (citing *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982)). The "odor of an illegal substance" may be a factor that police officers use in determining whether there is probable cause that an offense has

9

been or is being committed." *Estrada v. State*, 154 S.W.3d 604, 606, 609 (Tex. Crim. App. 2005) (holding that smell of marijuana on appellant, who was standing in her driveway, was factor weighing in favor of officer's belief that crime had been or was being committed).

Probable cause to search exists where known facts and circumstances are sufficient to warrant a person of reasonable prudence that evidence of a crime will be found. *Wiede*, 214 S.W.3d at 24; *Estrada*, 154 S.W.3d at 609. "Known facts and circumstances include those personally known to law enforcement officers or those derived from a 'reasonably trustworthy' source." *Wiede*, 214 S.W.3d at 24. An officer may conduct a search without a warrant when an individual admits to possessing contraband. *See Sandoval v. State*, 860 S.W.2d 255, 259–60 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("[T]he officer's search of appellant's truck and seizure of the evidence inside was justified, following their detection of the marijuana odor, and appellant's admission that the truck contained marijuana."); *Nuttall v. State*, 87 S.W.3d 219, 223 (Tex. App.—Amarillo 2002, no pet.) (holding that officer had probable cause to search defendant's pocket when defendant admitted he had drugs on his person).

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2014).

Malone contends that Officer Sutton did not have probable cause to arrest him before he made the statement admitting that he possessed marijuana. The sum of the information known to Officer Sutton and Officer Ball at the time Sutton handcuffed Malone, however, includes that (1) Officer Ball had smelled marijuana on Malone and the driver an hour before the traffic stop when both men were eating at Red Lobster; (2) the license plate number of the men seen at the restaurant matched that of the car Officer Sutton stopped; (3) the driver of the car had marijuana shake on his shoulder; and (4) the car smelled of cologne when Officer Sutton made the traffic stop. *See Pyles*, 755 S.W.2d at 109. Officer Sutton testified at the hearing that he believed that the driver and Malone may have been attempting to destroy evidence, due to the marijuana shake and cologne smell, and the trial court found that Officer Sutton was a credible witness. *See Alford*, 358 S.W.3d at 652. In light of the totality of the circumstances, we hold that Officer Sutton had probable cause to arrest Malone. *See Amador*, 275 S.W.3d at 878; *Parker*, 206 S.W.3d at 596; *Estrada*, 154 S.W.3d at 606, 609.

Malone further contends that Officer Sutton did not have probable cause to search him. We have determined that the record supports the trial court's finding that Malone's self-incriminating statement was voluntary and not a product of a custodial interrogation. Because Malone voluntarily stated that he had a sweet in

11

his pocket, Officer Sutton had probable cause to search Malone. *See Wiede*, 214 S.W.3d at 24; *Nuttall*, 87 S.W.3d at 223; *Sandoval*, 860 S.W.2d at 259–60. We hold that the marijuana found on his person was not obtained in violation of the United States or Texas Constitutions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

## Conclusion

We hold that the trial court acted within its discretion in denying Malone's motion to suppress his statement to Officer Sutton and the marijuana found on his person. We therefore affirm the judgment of the trial court. The motion for rehearing is denied.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. *See* TEX. R. APP. P. 47.2(b).